**KASS REALTY COMPANY, Inc., Appellant,**

v.

**STANLEY COMPANY OF AMERICA, Appellee.**

**No. 12554.**

United States Court of Appeals District of Columbia Circuit.

May 19, 1955.

Decided Aug. 19, 1955.

Mr. O. R. McGuire, Jr., Washington, D. C., for appellant.

Mr. Philip W. Amram, Washington, D. C., for appellee.

Before PRETTYMAN, WILBUR K. MILLER and FAHY, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Kass Realty Company sued Stanley Company of America for damages in the sum of $250,000 because of an alleged breach by Stanley of a contract between them executed December 12, 1944. By the terms of the agreement Kass was to erect a theatre on a MacArthur Boulevard site and upon its completion Stanley was to lease it for a term of twenty years. Kass alleged it had acquired the site prior to the execution of the contract in reliance on Stanley's agreement to lease the theatre. It alleged also that it commenced construction in March, 1945, but stopped work when in October, 1945, Stanley notified it to do so and stated it would not honor the lease agreement. This action by Stanley is the alleged breach of contract as a result of which Kass declared it had suffered the damages sought.

Among other defenses Stanley pleaded that January 3, 1946, it had entered into a tripartite contract with Kass and a partnership composed of Kogod and Burka (K-B), by the terms of which the contract of December 12, 1944, had been cancelled and the claim being sued on had been settled. The District Court granted summary judgment to Stanley, saying, "Any cause of action released." Kass appeals.

It is of course necessary to determine the effect of the alleged settlement agreement and to examine the events which led to its execution. In 1945 K-B bought a site on MacArthur Boulevard about three blocks from the Kass-Stanley location and announced they would build a theatre. The area could not profitably support two theatres. K-B sued Kass, Stanley and several others to enjoin construction of the Stanley theatre on the ground it was part of a plan to perpetuate a Warner monopoly, Stanley then being a subsidiary of Warner Brothers Pictures, Inc. That suit resulted in a settlement evidenced by three contracts, two of which were between Stanley and K-B and provided for abandoning the Stanley theatre project and forming the MacArthur Corporation, with stock control divided between Stanley and K-B, to own and operate a theatre on the K-B site.

The settlement depended on the third contract, dated January 3, 1946, which is the instrument pleaded by Stanley as a settlement of the claim involved in the present action. Kass therein agreed to cancel the lease of December 12, 1944, in consideration of the sum of $45,000 and to sell the unwanted Stanley site to the MacArthur Corporation for $15,000. Stanley and K-B agree to designate within two years a site for another theatre to be built by Kass elsewhere in the Dis-

trict of Columbia and to be leased to Stanley or, at Kass' option, to Stanley and K-B. Stanley and K-B agreed to pay Kass $100,000 as damages if they failed to designate a site. This contract was partially performed in that the sums of $45,000 and $15,000 were paid to Kass, and Kass conveyed the Stanley site to the MacArthur Corporation. But Stanley and K-B did not agree on a new site during the two-year period.

In the meantime a consent decree entered in the Southern District of New York required Stanley to divest itself of its interest in the MacArthur Corporation. Subsequently, in June, 1948, K-B sued in the District Court here to compel Stanley to sell its interest in the MacArthur Corporation to K-B and also to "determine the rights of the parties in the second theatre to be constructed by Kass * * *." Stanley answered and counterclaimed. Kass filed an intervening petition claiming $100,000 damages because Stanley and K-B had not designated a site for the second theatre.

The District Court on its own motion dismissed the complaint, the intervening petition and the counterclaim. It held the three contracts illegal *per se* as in restraint of trade. All three parties appealed to this court but before the case was argued K-B and Stanley moved to dismiss their appeals. We granted their motions and affirmed on the appeal of Kass Realty Company, with respect to which the opinion said, Kogod v. Stanley Co. of America, 1950, 88 U.S.App.D.C. 112, 114, 186 F.2d 763, 765:

"* * * Kass cannot be heard to complain of the failure of Stanley and K-B to carry out an agreement to suppress competition and extend monopoly in violation of the Sherman Anti-Trust Act, 26 Stat. 209, 15 U.S.C.A. § 3. The judgment dismissing the complaint of Kass is therefore affirmed. * * *"

Kass argues to us that in the present case the District Court erred in holding its cause of action for breach of the 1944 contract had been released by another contract which had been judicially declared illegal. It asserts that a compromise and settlement agreement which is declared illegal is void and, being void, is a nullity and the original cause of action sought to be compromised thereby is unaffected. This result is not altered, argues Kass, where the settlement is declared illegal only in part unless the illegal portion is separable from the balance of the agreement. It says separability depends upon the intention of the parties about which there was in this case a genuine issue of material fact, which made the grant of summary judgment erroneous.

Under portions of the contract of January 3, 1946, which were not held illegal, Kass collected $60,000 which it still retains. Although it now asserts that those valid portions of the contract— upon which Stanley relies—are inseparable from and fell with the illegal portion which the court struck down, Kass has not offered to rescind. It has not offered or attempted to restore the *status quo ante* by tendering back the sum of $45,000 unconditionally and the further sum of $15,000 upon reconveyance of the first site. We think by this conduct Kass treated the contract as separable and cannot be heard now to say that the legal and illegal phases of it are inseparable.

Affirmed.