PER CURIAM.
This case has previously been before the Supreme Court; Denco, Inc. v. Belk, Fla.1957, 97 So.2d 261, and many of the questions raised by appellant are proscribed by the opinion entered therein. The remaining objections, relating to the uncertainty of the price allocable to the property leased by appellee, and the chancellor’s method of determination, are occasioned by appellant’s own act, i. e., purchasing the property in question, together with other properties, for a lump sum payment, with knowledge of appellee’s first refusal option. They cannot now, in good conscience, rely on this act to defeat the rights of appellee under his contract. See cases cited in 12 Fla.Jur., Equity, Section 55. We find no error inherent in the chancellor’s method of allocating a proportionate part of the total price to the property covered by appellee’s option.
As to appellant’s contention that the principles set out in Brenner v. Duncan, 1947, 318 Mich. 1, 27 N.W.2d 320, are not the law of this case because our Supreme Court in its previous consideration-of the present case merely referred to Brenner v. Duncan as “persuasive in this connection”, *202 it will suffice to say that it is now the law of the case. [97 So.2d 265.]
Affirmed.
KANNER, C. J., and ALLEN and SHANNON, JJ., concur.