301 So.2d 102 (1974)
F.M. POINTS, Appellant,
v.
Ann A. BARNES, Appellee.
No. 73-518.
District Court of Appeal of Florida, Fourth District.
October 4, 1974.
*103 William E. Weller, Rose & Weller, Cocoa Beach, for appellant.
James T. Vocelle, Vocelle & Gallagher, Vero Beach, for appellee.
PER CURIAM.
Appellant was defendant in an action for declaratory judgment and appeals from the final judgment declaring two written agreements between him and appellee to be null and void, one for violation of the Rule against Perpetuities, and the other as an unreasonable restraint on alienation.
In compromise settlement of certain prior litigation between these same parties, Appellee-Ann Barnes had paid a certain sum of money to appellant, and in addition had executed and delivered the two written agreements which are the subject matter of the present action.
One was entitled "Agreement Providing Right of First Refusal to Purchase". Thereby, Ann Barnes gave to F.M. Points the right of first refusal to purchase all or any portion of certain described real property, said right not to be available until such time as Ann Barnes or her heirs or personal representatives should decide that such real property or any part thereof should be sold, at which time notification would be given and the purchase price would be determined by an appraisal of the fair market value as of that time. The trial court was of the view that because this agreement did not become operable until such time as Ann Barnes, her heirs or personal representatives should decide that such real property or any part thereof should be sold, the agreement was therefore unlimited as to time, and thus was void as a violation of the Rule against Perpetuities. We think that this was error.
The Rule against Perpetuities was stated in Story v. First National Bank & Trust Company in Orlando, 1934, 115 Fla. 436, 156 So. 101, 104, as follows:
"... the vesting of an estate ... can be postponed no longer than a life or lives in being and twenty-one years plus the period of gestation."
The generally accepted statement of the Rule, as stated by Gray, The Rule against Perpetuities, Section 201, (4th ed., 1942), is as follows:
"No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest."
*104 The right of first refusal which Ann Barnes granted to Mr. Points is somewhat akin to an option to purchase and there is some authority that the Rule against Perpetuities does not or should not apply to options.[1] We assume for our decision, however, that the Rule would apply in this case, but we also conclude that the Rule was not violated. F.M. Points was a measuring life in being. It is clear both from the face of the agreement as well as the only testimony before the court on such issue that the agreement was indeed personal to F.M. Points. That being the case, the equitable interest which Mr. Points received under the agreement would necessarily vest in him, if at all, within the period of his life, or stated differently, the right could never be exercised beyond the period of his life. We think the court's error resulted from its failure to appreciate that the agreement was personal to Mr. Points and that his life was one of the measuring lives.
The other written agreement was entitled "Easement and Restrictions". Thereby, Ann Barnes granted to F.M. Points, his heirs, assigns, personal representatives or successors in title a 100-foot easement across certain described real property for use for pedestrian travel to permit the users of the easement to fish from a seawall located on the property. The agreement provided that Ann Barnes would not plant any shrubs, trees, or other foilage exceeding a height of four feet on the 100-foot easement. Additionally, however, the agreement restricted her from using any part of the described property for tents, house-trailers, boat-trailers, boats or vehicles, nor could she build or cause to be built any dwelling or building thereon. The trial court found this agreement to be null and void both as an unreasonable restraint on alienation and as being against public policy. While we do not agree that this was an unreasonable restraint on alienation, we think that a part of the agreement was null and void and unenforceable as against public policy.
The agreement, prepared by the attorney for Mr. Points, was intended to (1) grant an easement for pedestrian use against a 100-foot wide strip of the described property, (2) prohibit the grantor from planting certain shrubs, etc. on the 100-foot easement, and (3) permanently prohibit the grantor from making certain enumerated uses of the remainder of the described parcel. This last prohibition, which had the effect of permanently depriving the grantor of any reasonable use of the property lying outside of the easement, is, indeed, against public policy and, therefore, is void and unenforceable. However, such portion of the agreement being severable, the remaining portions of the agreement (which grant the easement and restrict the grantor's use thereof) are not affected, and being valid they are properly enforceable. See, New Products Corporation v. City of North Miami, Fla. App. 1970, 241 So.2d 451 (cert. den. Fla. 1971, 244 So.2d 434); Kass Realty Company v. Stanley Company of America, 1955, 96 U.S.App.D.C. 332, 226 F.2d 54; McCullough v. Clinch-Mitchell Const. Company, 8 Cir.1934, 71 F.2d 17 (cert. den. 293 U.S. 582, 55 S.Ct. 96, 79 L.Ed. 678).
The final judgment is reversed and this cause is remanded with respectful instructions that the court enter an amended final judgment consistent with the opinion and decision of this court.
Reversed and remanded.
OWEN, C.J., DOWNEY, J., and PAUL, MAURICE M., Associate Judge, concur.
NOTES
[1] Leach, Perpetuities in a Nutshell, 51 Harvard L.Rev. 638, at 660 (1938); Dunlap and Levin, Options and the Rule against Perpetuities, 13 U.Fla.L.Rev. 214, at 215 (1960).