321 So.2d 133 (1975)
The WATERGATE CORPORATION, Appellant,
v.
Alma Lyons REAGAN et al., Appellees.
Nos. 74-181, 74-183.
District Court of Appeal of Florida, Fourth District.
September 26, 1975.
Rehearing Denied November 18, 1975.
*134 George H. Bailey of Jones, Paine & Foster, West Palm Beach, for appellant.
Delbridge L. Gibbs, Francis P. Conroy and Christopher W. Gardner of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellees.
OWEN, Chief Judge.
Count I of appellant's second amended complaint, seeking declaratory judgment and other relief, was dismissed with prejudice. We conclude that this was error.
In substance, Count I of appellant's second amended complaint alleged the following: Appellant's predecessor in interest had purchased certain real property from appellee Reagan under a written agreement which granted to the buyer a "right of first refusal" with *135 respect to any property owned by Reagan contiguous to the parcel purchased; that by process of merger plaintiff acquired the parcel of real property purchased from Reagan together with the "right of first refusal" as to the contiguous real property; that at a subsequent date appellee Reagan, desiring to acquire certain lands in Alabama and Mississippi, entered into a plan with the other appellees the net effect of which would result in (1) appellee Reagan exchanging 1,912.81 acres of land contiguous to appellant's property for 20,595 acres of land located in Alabama and Mississippi, and (2) appellee Oriole Homes Corporation acquiring title to the 1,912.81 acres in Palm Beach County contiguous to appellant's property subject to a mortgage held by appellee Chase Manhattan Mortgage and Realty Trust; that when the said plan was developed each of the appellees, with knowledge of the right of first refusal provision of the written agreement, agreed that the owner of said right of first refusal would not be informed of the full details of the planned transaction; that pursuant to such plan Reagan purported to invoke the right of first refusal provisions of the written agreement by means of an undated letter addressed to one of the principals of appellant in which it was stated that Reagan had received a written offer to enter into a contract for an exchange of property whereby approximately 1,930 acres of contiguous property would be exchanged for approximately 20,595 acres of land in Alabama and Mississippi; that such purported attempt by Reagan to invoke the right of first refusal provisions of the contract was void and ineffective because it did not provide appellant with the right to purchase the contiguous property at a price, nor did it adequately disclose the existence of the planned transaction or the crucial terms thereof so as to permit appellant to effectively exercise the right; that appellant sought to ascertain the details of the offer and to exercise the right and was at all times material ready, willing and able to exercise such right, but that thereafter and without regard to appellant's right of first refusal the appellees did consummate the planned transaction; that appellant is in doubt as to its rights under the written agreement which appellee Reagan claims are either unenforceable or in any event were not timely and properly exercised; and that, as a result thereof, there is a bona fide, actual, present need for a judicial declaration of such rights and the enforcement thereof.
Upon the defendants' motion the court entered its order dismissing with prejudice this count of the second amended complaint because (1) the right of first refusal imposed an unlimited restraint upon the free alienation of land and violated the rule against perpetuities, and (2) the complaint failed to allege that plaintiff strictly complied with the offer to exchange property or to allege that plaintiff unqualifiedly agreed to accept the offer within the time specified on the same terms and conditions offered by the third party.
In our opinion these allegations set forth a justiciable controversy upon which plaintiff/appellant has shown a bona fide need for a judicial declaration of its rights under the first refusal clause of the written agreement. The test of the sufficiency of the complaint is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. Rosenhouse v. 1950 Spring Term Grand Jury, Fla. 1952, 56 So.2d 445; Broward County v. Lerer, Fla. App. 1967, 203 So.2d 672; Hankins v. Title and Trust Company of Florida, Fla.App. 1964, 169 So.2d 526. On this basis alone we could quite properly conclude that it was error to dismiss this count of the second amended complaint. However, because the court based its ruling on certain specified grounds, each of which has been properly raised as a point on this appeal, we address ourselves to those points as well.

*136 UNLAWFUL RESTRAINT ON ALIENATION
The agreement, which merely granted a right of first refusal, did not impose an unlawful restraint upon the free alienation of the property. This is in accord with the view of substantially all of the authorities, based on the rationale, generally speaking, that alienability is not restrained at all, but is in fact enhanced because the seller has two potential buyers instead of one. See, Restatement of Property, Section 413 (1944); 1A Corbin, Contracts, Section 261, at 481-482, (1950).

VIOLATION OF RULE AGAINST PERPETUITIES
Although there is respectable authority for the proposition that, since the right of first refusal constitutes no impediment to transfer of the property, the rule against perpetuities ought not be applied at all, 6 American Law of Property, Section 26.67 (1952), we think the better view to be that the agreement for the right of first refusal must not violate the rule against perpetuities. See, Restatement of Property, § 413.
The rule against perpetuities requires that an estate or interest, in order to be good, must vest, if at all, within the period of life or lives in being at the effective date of the instrument creating the future interest and twenty-one years thereafter, together with the period of gestation in case of posthumous birth. Adams v. Vidal, Fla. 1952, 60 So.2d 545. Whether the right of first refusal would necessarily vest within this period depends upon a factual issue, i.e., whether the obligation is personal to appellee Reagan. If in fact the right of first refusal here is one which is personal to appellee Reagan, (so that it applies only if she should elect to sell or transfer any of the contiguous property during her lifetime) then such right of first refusal would necessarily vest, if at all, within the lifetime of Reagan and thus would not violate the rule against perpetuities. Points v. Barnes, Fla.App. 1974, 301 So.2d 102. On the other hand, if the right of first refusal is one which follows the contiguous property into the hands of Reagan's heirs or devisees, it would violate the rule against perpetuities since the right would not necessarily vest within the period of the rule.
Whether the right of first refusal was intended to be personal to appellee Reagan and to terminate upon her death cannot be determined from the instrument alone. This will require a determination of the intent of the parties to be developed by extrinsic evidence. But in the absence of such, and faced with ambiguity, the court should adopt a construction which will uphold the contract rather than one which will invalidate it. See, 61 Am.Jur.2d, Perpetuities, Section 8; Restatement of Property, Section 375.

FAILURE TO ALLEGE COMPLIANCE WITH OFFER
While ordinarily the holder of a right of first refusal, when suing for a breach of the agreement, must allege that he offered to match the competing offer. See, Mathews v. Kingsley, Fla.App. 1958, 100 So.2d 445, such is not required when the complaint alleges a valid excuse for plaintiff's failure to perform. See, 17 Am.Jur.2d, Contracts, Section 355; Restatement of Contracts, Section 295 (1932); 3A Corbin on Contracts, Section 767 (1951). Viewing the allegations most favorable to the pleader, we find that Count I of the second amended complaint meets this test. See, Denco, Inc. v. Belk, Fla.App. 1959, 109 So.2d 201; Brenner v. Duncan, 1947, 318 Mich. 1, 27 N.W.2d 320. Whether in fact the notice which Reagan gave appellant was proper and effectual to invoke the right of first refusal will undoubtedly become an issue to be tried when appellees file their answer.
*137 The order dismissing Count I of the second amended complaint is reversed and this cause remanded for further proceedings.
Reversed and remanded.
DOWNEY, J., concurs.
CROSS, J., dissents with opinion.
CROSS, Judge (dissenting):
I respectfully dissent.
Count I of appellant's second amended complaint fails to set forth factual allegations that either (1) appellant offered to match the competing offer for appellee Reagan's property, or (2) circumstances prevented appellant's tendering such an offer. The absence of such allegation is fatal to appellant's attempt to state a cause of action for breach of the right of first refusal agreement.
Accordingly, I would affirm the order of the trial court dismissing count I of the second amended complaint with prejudice.