**Howard J. and Nancy H. Burgess v. Anne E. Howe, et al.**

[359 A.2d 652]

No. 244-75

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed June 1, 1976

*Allan R. Keyes* and *John J. Zawistoski* of *Ryan, Smith & Carbine, Ltd.,* Rutland, for Plaintiffs.

*Bloomer & Bloomer,* Rutland, for Defendants Orzel.

**Barney, C.J.** This lawsuit involves the validity of certain restrictive covenants. The lower court voided a conveyance that involved a sale of real estate on terms found to violate the covenant. The defendants in this case are the grantor and grantees under that conveyance, and they have appealed. The plaintiffs, as adjoining property owners, had a right of first refusal under the terms of the covenant. The failure to honor this right generated the lower court's judgment, and the plaintiffs have cross-appealed due to the trial court's failure to award exemplary damages.

The series of real estate transactions commenced with the formation of the Hom Realty Corporation in 1956 to develop certain real estate in Center Rutland. This became Maplewood Park, with a plot plan filed in the land records of the Town of Rutland. The corporation was formed by one Dan Murphy, one Alva Howe, whose widow is a defendant here, and Andrew Orzel, who is also a defendant along with his wife. Additionally, Andrew Orzel was Town Clerk of Rutland at all relevant times, with his wife as deputy.

In 1960 the Hom Realty Corporation sold lots 10 and 11 to Alva T. Howe and the defendant Anne E. Howe. In 1961 lot 12 was sold to Mr. and Mrs. Stevenson, and in 1963 the Stevensons sold lot 12 to Alva and Anne Howe. In 1964 the plaintiffs Howard and Nancy Burgess bought lot 14.

Sometime in 1970 and in 1971–72, Howard Burgess made it known to Anne Howe that he was interested in buying lot 12, which the trial court found to be "adjoining" under the terms of the covenants in the deeds. Also in 1972, the defendants Orzel acquired the property of the Hom Realty Corporation by purchasing all of the stock and dissolving the corporation.

In 1973 the Orzels sold their house and bought lot 12 and a part of lot 11 from Anne Howe. Plaintiff Burgess renewed his notice to Mrs. Howe that he was interested in lot 12, only to be told it was sold. Although it was disputed, the findings of fact declare that Andrew Orzel knew that Burgess wanted lot 12 and that admittedly he was familiar with the conditions attached to the deeds involved here. None of the other adjoining property owners were given any opportunity to purchase either lot 11 or 12.

In setting aside the conveyance the trial court incorporated the basis of its action in three conclusions of law. The first rejected any claim that a violation of the rule against perpetuities was involved, in view of 27 V.S.A. § 501. The second conclusion determined that the equities required the setting aside of the deed for failure to comply with the right of first refusal accorded adjoining landowners, because all parties, including Andrew Orzel and his wife, were found to have known of the conditions in the deed. The third involved a statement of the proposition that one who acts to impose a condition in a deed is estopped from later denying its validity when he purchases a portion of that land to which the condition attaches.

Looking first to the validity of the condition containing what may be called an option of first refusal, language can be found condemning such provisions as improper restraints on alienation. This is based on the indefiniteness of the duration of the option, which runs afoul of the rule against perpetuities. See 61 Am.Jur.2d *Perpetuities and Restraints on Alienation* § 113, at 110. The American Law Institute in Restatement, Property, Vol. 4, § 413 (1944), takes the view that such preemptive rights are valid, unless they violate the rule against perpetuities. See also Annot., 40 A.L.R.3d 920 (1971), *Perpetuities—Pre-Emptive Rights to Realty.*

Vermont has, by passing 27 V.S.A. § 501, aligned itself in a group of states adopting what is known as a "wait and see" rule concerning perpetuities. This rule says that if, at the time of the event, the common law measure given as "lives in being and twenty-one years" has not been violated, there is no violation of the rule. See 5 R. Powell, Law of Real Property §§ 827B and C at 912–16 (1975).

■■ In this case, since the transaction is clearly within the allowable time frame, the Vermont rule is not violated. Moreover, conditions in the nature of restrictive covenants are valid under Vermont law. *Queen City Park Ass'n.* v. *Gale,* 110 Vt. 110, 117–19, 3 A.2d 529 (1938). They are enforceable, and the rights of the holders will be protected. *Welch* v. *Barrows,* 125 Vt. 500, 507, 218 A.2d 698 (1966). Therefore, the decree below will stand.

Since the deed itself is void, the fact that it includes some land to which the defendants claim the condition does not attach is of little consequence. The instrument is defective as to both grantees on account of the violation of the preemptive condition and must fail.

The defendants seek to raise some claim of violation of the Civil Rights Act. No colorable claim of discrimination, the grounds upon which relief under the Act may be given, has been alleged, and we find none. No basis for such a contention appears.

The plaintiffs on cross-appeal seek exemplary damages, and were refused them below. The lower court evaluated the actions of the defendants as mistaken, and not done in bad faith. He found no justification for a punitive award. This Court is not disposed to disturb that conclusion.

*Judgment affirmed.*