41616, 41617. BENTON et al. v. SHIVER et al.; and vice versa.

(326 SE2d 756)

PER CURIAM.

Appellants urge that the trial court erred in not submitting its independent contract theory of recovery to the jury. Isolating this issue, the facts are that the Georgia Marble Company made an offer to Sarah Hinton Shiver to buy certain property. She in turn offered to sell such property to Benton, upon the same terms and conditions as offered by Georgia Marble. Georgia Marble's offer provided that closing would take place by a certain date, within 60 days of acceptance but not later than July 30, 1981. Benton attempted to accept Ms. Shiver's offer to him but stipulated inter alia, that closing would take place by August 25, 1981. Ms. Shiver treated Benton's offer as a counter offer and refused to accept it.

We find no acceptance by Benton of the terms and conditions offered by Georgia Marble to Ms. Shiver. The date of closing, i.e., the date of receipt of consideration, is important to a seller and it was not matched by Benton. Unlike performance of an existing contract which must be completed within a reasonable time, an offer must be accepted as made and any change as to time of performance converts the purported acceptance into a counter offer. Hence no contract existed between Benton and Ms. Shiver and the trial court did not err in failing to submit the independent contract theory to the jury.

The remaining enumerations do not present reversible error.

*Judgment affirmed in Case No. 41616; Case No. 41617 dismissed as moot. All the Justices concur.*

DECIDED MARCH 14, 1985.

*Glover & Davis, J. Littleton Glover, Jr., Jack T. Camp, Miller, Simpson & Tatum, John B. Miller*, for appellants.

*Hansell & Post, Gary W. Hatch, Jule W. Felton, Jr., Greene, Buckley, DeRieux & Jones, Ferdinand Buckley, John D. Jones, Berry & McCallar, C. James McCallar, Jr., Beckmann & Pinson, Luhr G. C. Beckmann, Jr.*, for appellees.