The ESTATE of L. W. JOHNSON and Carutha
JOHNSON *v.* Clarence CARR and Rosie CARR, His Wife

85-97                                               691 S.W.2d 161

Supreme Court of Arkansas
Opinion delivered July 1, 1985

*Eugene Hunt,* for appellant.

*Wilton E. Steed,* for appellees.

STEELE HAYS, Justice. The primary question in this case is whether an option to repurchase contained in a contract for sale and incorporated by reference in a subsequent deed, violates the rule against perpetuities.

In July, 1966, L.W. and Carutha Johnson, appellants, entered into a contract with Clarence and Rosie Carr, appellees,

for the sale of land. The contract provided in part:

> . . . for an additional ten dollars and other good and valuable consideration, . . . the sellers shall have the option to repurchase the real property involved in this contract in the event purchasers decide to sell. . . . the selling price should not exceed the appraised value of the property [as determined by two qualified appraisers selected by the parties].

In January, 1976, when the payments were completed, the Johnsons delivered a warranty deed to the Carrs, conveying the land described in the contract and stating:

> This deed is being executed pursuant to a contract entered into between the parties on July, 1966.

In September, 1982, the Carrs notified the Johnsons they were considering selling the property. When Mr. Johnson expressed his desire to exercise the option, Mr. Carr responded that he had been informed by his attorney that the option had expired but he would consider selling the property to the Johnsons in a manner other than as stated in the 1966 contract. In October, 1982, the Johnsons filed suit against the Carrs for the specific performance of the agreement between the parties.

The court found for the Carrs, holding the clause granting the right of first refusal was indefinite and violated the rule against perpetuities, and denying relief to the Johnsons. On appeal, the appellants challenge the finding that the perpetuities rule was violated.

■ We have not heretofore considered whether the rule against perpetuities should apply to pre-emptive rights but we think the generally held and better view is that such rights should not violate the rule. See, Restatement of Property, § 413; 40 ALR 3d 920, § 2.

The only issue raised or briefed by either side is whether the time for the exercise of the right must vest or fail within a period measured by a life or lives in being plus twenty-one years from the time of the creation of the interest. Gray, The Rule Against Perpetuities, § 201, (3d ed., 1915). We find the right will vest within a period of time that will not violate the rule.

■ The right to repurchase granted to the Johnsons in the July, 1966 contract and incorporated in the 1976 deed is personal to them and terminates upon their death. The right then must necessarily vest, if at all, within the lifetime of the Johnsons and therefore does not violate the rule. Nowhere in the contract or the deed is there any suggestion that the right of repurchase extends to the heirs or assigns of the Johnsons, or that the parties intended the contract to be binding beyond the lives of the Johnsons. The heirs or assigns of the grantors are not even mentioned in either the contract or the deed. The right to repurchase is clearly granted to the Johnsons alone. See *Roemhild* v. *Jones*, 239 F.2d 492 (9th Cir. 1957); *Kershner* v. *Hurlbutt*, 277 S.W.2d 619 (1955); *Campbell* v. *Campbell*, 313 Ky. 249, 230 S.W.2d 918 (1950); *Watergate Corp.* v. *Reagan*, 321 S.W.2d 133 (Fla. Dist. Ct. App. 1975); 40 ALR 3d 920, § 6, § 8.

■■ The Carrs contend the repurchase provision in the contract is carried forward into the deed and is controlled by the language conveying the property to the "grantees, their heirs and assigns" and thus violates the rule. We find no merit to this contention. Initially we would point out that as the right to exercise the option expires on the death of the Johnsons, it would be irrelevant whether or not there were language extending the obligation to offer the property indefinitely as the time for the right to vest or fail terminated on the Johnsons' death. Moreover, the Carrs are incorrect in their argument for two reasons. First, such a specific reference in the deed to the contract is an incorporation and is not merged into the deed. The two instruments are read together, the terms of the contract being made a part of the deed. *Gipson* v. *Pickett*, 256 Ark. 1055, 512 S.W.2d 532 (1974). Second, there is no indication in either the contract or the deed that the option is available if the heirs or assigns of the grantees offer the property for sale. There is nothing to persuade us the pre-emption clause was intended to continue beyond the life of the Carrs. "We are definitely committed to the rule that the effect of a deed is not to be determined by the words of the granting clause alone, but is to be discovered from the language of the instrument as a whole." *Weatherly* v. *Purcell*, 217 Ark. 908, 234 S.W.2d 32 (1950). And see, *Roemhild, supra.*

Reversed and remanded for further proceedings not inconsistent with this opinion.

Smith, George Rose, J., not participating.