498 A.2d 689

**DENNIS ROURKE CORPORATION**

v.

**FERRERO CONSTRUCTION COMPANY.**

No. 651, Sept. Term, 1985.

Court of Special Appeals of Maryland.

Oct. 9, 1985.

---

Thomas J. Walker, Jr., Rockville (Marilyn J. Brasier, Rockville, on brief), for appellant.

Robert C. Park, Jr., Silver Spring (Linowes and Blocher, Silver Spring, on brief), for appellee.

Argued before BLOOM, ROSALYN B. BELL and KAR-WACKI, JJ.

ROSALYN B. BELL, Judge.

We are asked to decide whether the rule against perpetuities applies to a right of first refusal granted by one corporation to another, when no termination date is provid-

ed. Our response is that it does not apply to this right of first refusal. We will explore that right.

Dennis Rourke Corporation, a Maryland Corporation, (appellant) purchased two lots from Ferrero Construction Company, a Maryland Corporation (appellee). The contract contained what is known as a pre-emptive right or right of first refusal and provided that

"[i]n consideration of this contract, the Seller [Ferrero] hereby agrees to extend to the Purchaser, [Rourke] a first right of refusal on the future sale of any of the seven remaining lots on Mercy Court."

Pursuant to the contract language, Ferrero submitted to Rourke a letter communicating an offer by a third party to purchase Lot 21. Rourke declined. Ferrero subsequently wrote an identical letter to Rourke notifying it of a third party offer to purchase Lot 27 and affording Rourke the opportunity to exercise its right of first refusal. That letter read as follows:

"We have in hand an acceptable contract for the sale of Lot 27, Block 2, McCauley [sic] Park. The essential data is as follows:

Deposit: $5,000.00

Settlement: 30 days

Contract amount: $70,000.00

Terms: All cash

"Please let us know whether you intend to submit a contract on this parcel. If you do submit a contract, it must be in our hands by March 21, 1984 in order to be considered."

Rourke responded in a letter which stated:

"Pursuant to your notification of March 12, 1984, please be advised of my intent to exercise my 'first right of refusal' on Lot 27, Block 2 of McAuley Park Subdivision. As I have indicated from the beginning, it has always been my intention to build out the balance of Mercy Court.

"If you would be kind enough to provide me with a copy of your Contract on Lot 27 I will prepare my Contract with exactly the same terms and conditions as the offer you now have."

After further communications, Ferrero provided Rourke with a copy of the contract from the third party for Lot 27. The following day, Rourke prepared and submitted to Ferrero a contract for the purchase of Lot 27. The essential terms of the contract were in complete conformity with the third party offer. Three weeks later, Rourke notified Ferrero of its willingness to go to settlement.

A week after this notification, Ferrero informed Rourke that it had decided to reject both contracts submitted for Lot 27. Ferrero returned both contracts unsigned. Thereafter, Rourke filed suit in the Circuit Court for Montgomery County seeking specific performance of the sale of Lot 27. Ferrero filed a counterclaim for a declaratory judgment.

The trial proceeded on a two count complaint and counterclaim. Count I alleged that under its right of first refusal Rourke was entitled to the conveyance of Lot 27. The second count alleged that the parties had entered into a contract for the sale of Lot 27. The counterclaim sought a declaration that the contract was void. At the conclusion of Rourke's case, the court granted Ferrero's motion for judgment on Count I because Rourke's right of first refusal violated the rule against perpetuities. At the close of all the evidence, the court entered judgment for Ferrero on Count II after finding Rourke's offers for Lot 27 had been made on the mutual mistake that the right of first refusal was valid under the rule against perpetuities; and, the court further found that no independent contract had been formed between the parties. Judgment was also entered for Ferrero on its counterclaim for declaratory judgment.

Rourke has appealed claiming "[t]he trial court erred in its determination that the right of first refusal violated the rule against perpetuities." He further asserts that, in any

event, the trial court erred because an independent contract had been formed.

## I. RIGHT OF FIRST REFUSAL AND RULE AGAINST PERPETUITIES

### Pre-Emptive Rights

■■■ A pre-emptive right, or right of first refusal, is an exclusive right to have the first opportunity to purchase upon specified terms, or meet any other offer, but only if the seller chooses to sell. VI American Law of Property § 26.64 (A.J. Casner ed. 1952). This latter characteristic distinguishes the pre-emptive right from an option to purchase, and, as we will discuss *infra*, dictates a different result than we would have reached had we been presented with an option contract.

Pre-emptive rights have been the subject of considerable attention by the courts. They have been challenged in many jurisdictions as an unreasonable restraint against alienation on the ground that they severely limit the right to sell and transfer property. The Restatement of Property views a restraint on the sale of land as valid only if

"(a) the restraint is a promissory restraint or a forfeiture restraint, and

"(b) the restraint is qualified so as to permit alienation to some though not all possible alienees, and

"(c) the restraint is reasonable under the circumstances, and

"(d) if the restraint is a forfeiture restraint, the requirements of the rule against perpetuities are satisfied."

4 Restatement of the Law of Property § 406 (1944).

Whenever the question has been raised in this context courts agree with the Restatement on the proper method for testing the validity of a restraint. As we will discuss *infra*, there is disagreement among the jurisdictions on the application of the rule against perpetuities to pre-emptive agreements where the price and terms are tied to the acceptable offer.

In this jurisdiction where price and terms of the sale are not at issue and the right is solely the right to buy before any other, the validity of the pre-emptive right has been upheld. *Westpark, Inc. v. Seaton Land Company*, 225 Md. 433, 171 A.2d 736 (1961); *Iglehart v. Jenifer*, 35 Md. App. 450, 371 A.2d 453 (1977) *cert. denied*, 280 Md. 732 (1977).

### Rule Against Perpetuities

■ The rule against perpetuities provides that "[n]o interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." *Commonwealth Realty Corp. v. Bowers*, 261 Md. 285, 296, 274 A.2d 353 (1971), quoting *Fitzpatrick v. Mercantile-Safe Deposit & Trust Co.*, 220 Md. 534, 541, 155 A.2d 702 (1959).

■ It is a rule of law, not of construction, and applies to legal and equitable estates of realty and personalty. *Id.;* 2 H. Tiffany, The Law of Real Property § 393 (B. Jones ed. 3d ed. 1939). It does not invalidate interests which last too long, but only those which vest too remotely. *Commonwealth Realty Corp. v. Bowers, supra;* 2 H. Tiffany, § 397, *supra.* The purpose of the rule

"appears to be the desire to facilitate the alienation of property, by prohibiting the clogging of the title for any considerable length of time by a provision for a possible or certain change of ownership in the future. In case there is such a provision, the property can be alienated as a whole only by the consent of the person or persons who have the interest which is liable to be divested in the future, and also of the person or persons in favor of whom the divesting clause is to operate, and since the value of each of these interests is ordinarily, by reason of the uncertainty of the future event named, or of the time of its occurrence, a matter of pure conjecture, the property is in effect to that extent withdrawn from commerce. Moreover, the possibility or probability of a change of ownership in the future, without the volition or consent of

the present owner, is calculated to affect adversely his readiness or ability to make the most effective use of the property, or to improve it as it is to the public interest that property should be improved. This condition of uncertainty of the title, with its attendant disadvantages, is, by the rule referred to, restricted to what the courts have regarded as a reasonable period from the time of its creation." (footnotes omitted).

2 H. Tiffany § 392, at 152–53, *supra.*

### The Rule and the Restatement Test

There are two distinct views on whether the rule against perpetuities applies to a preferential right which otherwise meets the Restatement test. 4 Restatement of the Law of Property § 406, *supra.*

The Restatement embraces the view that

"A promissory restraint or forfeiture restraint on the alienation of a legal estate in land which is in the form of a provision that the owner of the estate shall not sell the same without first offering to a designated person the opportunity to meet, with reasonable expedition, any offer received, is valid, unless it violates the rule against perpetuities."

*Restatement* § 413, at 2441, *supra.*

The majority of jurisdictions follow the Restatement agreeing that if the pre-emptive right is of unlimited duration, it violates the rule against perpetuities, and is not enforceable. *Estate of Johnson v. Carr,* 286 Ark. 369, 691 S.W.2d 161 (1985); *Watergate Corporation v. Reagan,* 321 So.2d 133 (Fla.1975); *Martin v. Prairie Rod and Gun Club,* 39 Ill.App.3d 33, 348 N.E.2d 306 (1976); *Atchison v. City of Englewood,* 170 Colo. 295, 463 P.2d 297 (1970) *aff'd,* 30 Colo.App. 207, 492 P.2d 885 (1972); *Smerchek v. Hamilton,* 4 Kan.App.2d 346, 606 P.2d 491 (1980); *Ross v. Ponemon,* 109 N.J.Super. 363, 263 A.2d 195 (1970); *Peele v. Wilson County Bd. of Ed.,* 56 N.C.App. 555, 289 S.E.2d 890, *cert. denied,* 306 N.C. 386, 294 S.E.2d 210 (1982); *Smith v.*

*VanVoorhis,* 296 S.E.2d 851 (W.Va.1982) *Neustadt v. Pearce,* 145 Conn. 403, 143 A.2d 437 (1958).

 The contrary view postulates that the rule against perpetuities is merely a means of preventing unreasonable restraints on alienation. Thus, if the pre-emptive right does not restrain alienation, but only dictates who shall have the first right to buy when the owner decides to sell, the agreement is not within the prohibition. VI American Law of Property § 26.66, *supra; Cambridge Co. v. East Slope Investment Corp.,* 700 P.2d 537 (Colo.1985); *Weber v. Texas Co.,* 83 F.2d 807 (5th Cir.1936), *cert. denied,* 299 U.S. 561, 57 S.Ct. 23, 81 L.Ed. 413 (1936); *Forderhause v. Cherokee Water Co.,* 623 S.W.2d 435 (Tex.Civ.App.1981), *aff'd in pertinent part,* 641 S.W.2d 522 (Tex.1982); *Robroy Land Co., Inc. v. Prather,* 95 Wash.2d 66, 622 P.2d 367 (1980); *Producers Oil Co. v. Gore,* 610 P.2d 772 (Okla. 1980). As we will explain, we are persuaded that the minority position is the better view.

### Maryland's Approach

Appellant states that the question of whether a pre-emptive right is subject to the rule against perpetuities has not been decided in Maryland. Appellee, on the other hand, asserts that it is not a question of first impression citing *Commonwealth Realty Corporation v. Bowers, supra;* and *Iglehart v. Jenifer, supra.*

In *Commonwealth,* the Court of Appeals reaffirmed the viability of the rule against perpetuities. In *Iglehart,* the issue was whether an option to purchase executed between Ilma Jenifer, the optionor, and Joseph Iglehart, his heirs and assigns, terminated upon the death of the optionor. The issue raised and decided was whether the rule against perpetuities was violated. An issue not raised or decided was whether the rule against perpetuities should apply. The parties assumed the Restatement position, and we held that the rule against perpetuities was not violated because the right was personal to the optionor.

In that case, we used the terms "right of first refusal" and "option" to purchase interchangably, and we noted in a footnote that

> "The Maryland cases ... speak in terms of a right of refusal as a type of option, as shall we."

*Id.* [35 Md.App.] at 451, n. 1, 371 A.2d 453.

As *Iglehart* indicates, rights of first refusal, often referred to as pre-emptive options, are frequently confused with ordinary options. There is, however, a fundamental and significant distinction between the two, which was not raised in *Iglehart*.

A pre-emption differs from an ordinary option in the following manner:

> "An option creates in the optionee a power to compel the owner of property to sell it at a stipulated price whether or not he be willing to part with ownership. A pre-emption does not give to the pre-emptioner the power to compel an unwilling owner to sell; it merely requires the owner, when and if he decides to sell, to offer the property first to the person entitled to the pre-emption, at the stipulated price. Upon receiving such an offer, the pre-emptioner may elect whether he will buy. If he decides not to buy, then the owner of the property may sell to anyone."

VI American Law of Property § 26.64, at 507.

In the case before us, the parties entered into a pre-emptive agreement, not an option contract.

There are a myriad of terms and conditions which can be incorporated into a pre-emption agreement. A pre-emptive right, however, does not necessarily fetter the right to sell the property, if it can be readily alienated and is subject only to the right of the grantee to buy first. Here there is no contention that the contract terms create an unreasonable restraint, nor is there any condition other than appellee's right of first refusal. The particular type of pre-emption at issue is solely the right to buy on terms and at a price acceptable to the sellor-grantor.

■ We are persuaded that the right to purchase granted to appellant does not constitute an unreasonable restraint on alienation. There is no fixed price. There is no absolute option. If appellee desires to sell, appellant only has the right to purchase the property by meeting any bona fide acceptable offer. Appellant, as holder of the right, can neither force or prevent a sale, nor fix the price for sale.

In considering what has been referred to as the majority rule, we have reviewed the cases most frequently cited to support that position. We are struck by the frequency with which the rule against perpetuities is assumed to apply and then held not to have been violated or the violation cured. Various grounds have been relied upon: wording construed so as not to violate the rule, *Estate of Johnson v. Carr, supra; Smerchek v. Hamilton, supra; Smith v. VanVoorhis, supra; Cohen v. Meola,* 184 Conn. 218, 439 A.2d 966 (1981); *Clark v. Shelton,* 584 P.2d 875 (Utah 1978); extrinsic evidence was permitted to show the intent that the right would not violate the rule, *Watergate Corp. v. Reagan, supra; North Bay Council, Inc. v. Grinnell,* 123 N.H. 321, 461 A.2d 114 (1983); the contract was reformed to meet the requirements of the rule against perpetuities, or construed to mean that it was capable of performance within a reasonable time, *Atchinson v. City of Englewood,* 193 Colo. 367, 568 P.2d 13 (1977); *Shiver v. Benton,* 251 Ga. 284, 304 S.E.2d 903 (1983), *aff'd. in pertinent part,* 254 Ga. 107, 326 S.E.2d 756 (1985); the contract was reformed so as not to violate the rule based on a state statute, *Taormina Theosophical Community, Inc. v. Silver,* 140 Cal.App.3d 964, 190 Cal.Rptr. 38 (1983); or the courts adopted a "wait and see" approach to whether the rule was violated, *Peele v. Wilson County Bd. of Ed., supra; Burgess v. Howe,* 134 Vt. 370, 359 A.2d 652 (1976).

■ As we stated previously, the basic purpose of the rule against perpetuities is to facilitate alienation of land and prevent the clogging of titles. Since the pre-emptive right in the case *sub judice* does not offend the purpose of

the rule, we see no valid reason to impose it. We hold a pre-emptive right to buy upon the same terms, conditions and price as in an acceptable contract does not constitute a restraint on alienation and is not subject to the rule against perpetuities.

## II. INDEPENDENT CONTRACT

In Count II, appellant sought specific performance based on a new and independent contract. Ordinarily we would not need to consider the ruling of the court on this count. We have held the pre-emptive right is valid. Thus, there was no mutual mistaken perception which would void the contract. There is one further consideration, however. The parties provided in their agreed statement of facts that the court granted judgment on Count II based on the

> "finding that any offers stemming from the Appellee to the Appellant for Lot 27 were upon the mistaken belief that the right of first refusal was valid and not void from its inception by the Rule Against Perpetuities. [The trial judge] also found that no independent contract had been 'accepted' by Appellee for Lot 27."

The court found that the right of first refusal violated the rule against perpetuities and that "[o]nce it is violated ... [t]hey were operating under that, and it does not apply. So he had two contracts, neither one of which he has executed. To hold otherwise would grant performance of the void right of first refusal." The following dialogue then ensued:

> "[COUNSEL FOR APPELLANT]: Well, what about the offer and the acceptance, that does not apply? You are—
>
> THE COURT: There is not an offer and acceptance. He never accepted that offer.
>
> [COUNSEL FOR APPELLANT]: Certainly Mr. Rourke did.
>
> THE COURT: No. that is the thing. Mr. Ferrero never accepted the offer of the contract, and what you are referring to as an offer is void because it was the right of first refusal which violates the rule against perpetuities."

We assume, as does appellee, that these comments and the lack of acceptance referred to in the Agreed Statement of Facts relate solely to whether an independent contract was formed and not whether there was a valid exercise of a valid right of first refusal. The letter presenting the offer was clear and unambiguous as was the response. The offer ripened into an enforceable contract upon its acceptance. Our holding remains unchanged.

JUDGMENT REVERSED.

CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEE.