44044. BENTON et al. v. THACKER et al.

(355 SE2d 421)

HUNT, Justice.

L. O. Benton and Margaret Benton Davis, trustees of their mother's interest in the Stephen C. Tate estate in Pickens County, brought this suit for specific performance of their contract with Alexandria Anderson Thacker to purchase her one-eighth share in the es-

tate. Thacker refused to sell to the trustees, claiming they had not satisfied the requirements of her offer, and sold instead to the Georgia Marble Company, also a defendant. The trial court's grant of summary judgment to Thacker and Georgia Marble is appealed by the trustees.

This case is related to our prior cases of *Benton v. Shiver*, 251 Ga. 284 (304 SE2d 903) (1983), and 254 Ga. 107 (326 SE2d 756) (1985), involving the purchase of the interests of another Tate heir by these same trustees.

The letter offer of Thacker to the trustees is set out in material part: "I have received a written offer from The Georgia Marble Company to purchase my one-eighth undivided interest in the real property formerly owned by the Estate of Stephen C. Tate, late of Pickens County, Georgia (the 'Tate Property'). A photocopy of the Georgia Marble Offer is attached to this letter.

"(1) You are hereby granted the right to match the Georgia Marble Offer on the same terms and conditions, or as modified below:

"(a) In lieu of the 'Exchange Land' as described in the Georgia Marble Offer, you must deposit into escrow a deed to one or more parcels of fee simple land located in Pickens County, Georgia with an aggregate fair market value of at least $200,000.00. You must submit two appraisals by licensed appraisers which support this valuation. *In addition, I must be furnished satisfactory evidence of your marketable title to your proposed Exchange Land.*

"(b) In lieu of the Guaranty of Jim Walter Corporation as described in Section 3.3 of the Georgia Marble Offer, you must deposit into escrow a guaranty or *an unconditional letter of credit by a party of at least equivalent net worth,* that is at least, $720,000,000.00. You must submit (i) audited, up-to-date financial statements of any such party; (ii) proper evidence of such party's authority to so guarantee (for example, a corporate resolution if a corporation); and (iii) an opinion of counsel regarding such authority satisfactory to me. . . . " (Emphasis supplied.)

On January 11, 1982, the trustees accepted this offer, matching that of Georgia Marble except for the substitutions allowed in the letter quoted above. Thacker nevertheless treated their purported acceptance as a counteroffer, claiming the documents tendered were deficient because the title guaranty on the exchange property contained the following exception: "This policy, when issued, shall not insure any right of access to a public road or way for the entire premises," and because the letter of credit issued by the Manufacturers Hanover Trust Company was made out in the amount of $208,000, which equalled the entire principal and interest due, but not any interest or attorney fees which might also accrue should there be a default and is controlled by New York rather than Georgia law.

1. Several enumerations of error argue the merits of the contentions by Thacker and Georgia Marble that the trustees had no right to an offer of first refusal under a 1970 agreement among the Tate heirs, because they had not properly given notice of their intentions to be bound by that agreement as required by its terms, and that the 1970 agreement had been superseded by a 1979 agreement. We, however, do not reach these issues because we find that Thacker, by her letter of December 12, 1981, quoted above, made an independent offer to sell to the trustees. Thus, whether they were entitled to receive such an opportunity appears irrelevant in the present posture of this case as Thacker in fact made an offer to sell to the trustees. We proceed to the question whether the trustees' response was an acceptance as the trustees contend, or merely a counteroffer as Thacker and Georgia Marble contend. See *Benton v. Shiver*, supra, 254 Ga. at 10.

2. Thacker and Georgia Marble first contend they were entitled to summary judgment because the trustees' title insurance policy excepted "any right of access to a public road or way for the entire premises." While it is true that the policy makes that statement, the appraisals submitted among the documents tendered to Thacker mention no problems with access, but instead rely heavily on the fact that the nearly 150-acre tract has frontage of about 1700 feet along Highway 5. Therefore, we hold that Thacker and Georgia Marble have failed to' carry their burden of showing as a matter of law that the trustees did not "furnish . . . satisfactory evidence of . . . marketable title to [their] proposed Exchange Land" for her undivided interest in the Tate estate, and were not entitled to summary judgment on this ground.

3. Thacker and Georgia Marble also argue they were entitled to summary judgment because the letter of credit was insufficient to secure Thacker as fully as would the unconditional guarantee of Jim Walter Homes. Thacker's offer specified, as quoted above, that the trustees could "substitute an unconditional letter of credit by a party of at least equivalent net worth, that is, at least $720,000,000.00." An irrevocable letter of credit was obtained from Manufacturers Hanover Trust Company in the amount of $208,000, a figure representing the entire principal and interest which would become due over the four-year period of the note. They also complain that the letter of credit is controlled by New York, rather than Georgia law.

The record does not require the conclusion asserted by Thacker and Georgia Marble that this letter of credit is insufficient. By its very terms, the minute there is a default, Thacker, by presenting a signed statement that there has been a default, may claim the princi-

pal and interest owed.[1] See OCGA § 11-5-103 (1) (a). Thus, neither the fact that the letter of credit does not guarantee the payment of additional interest or attorney fees upon default, nor the fact that the letter is to be interpreted under New York law, creates a material departure from the offer so as to demand summary judgment in favor of Thacker and Georgia Marble.

4. Because we decide this case on the basis of an independent offer to sell tendered by Thacker and not upon the terms of the preceding agreements, the remaining enumerations of error need not be addressed.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 23, 1987 —
RECONSIDERATION DENIED MAY 19, 1987.

*Glover & Davis, J. Littleton Glover, Jr., Edwin V. Gartin,* for appellants.

*Hansell & Post, C. Edward Hansell, Gary W. Hatch, Jule W. Felton, Jr., Greene, Buckley, Derieux & Jones, Ferdinand Buckley, John D. Jones, Fine & Block, Paul R. Jordan,* for appellees.

---

[1] Thacker and Georgia Marble point out that the letter of credit expired on May 15, 1986, and that the dates of the four annual payments on the note were left blank when the acceptance was forwarded to Mrs. Thacker in January of 1986. We assume, however, that had Mrs. Thacker accepted the offer, the note would have been dated so that the final payment would occur prior to the expiration of the letter of credit. Of course, the amount guaranteed by the letter does not reduce as payments are made, but remains the same until expiration.